UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENGLY KY,

      Plaintiff/Counter-Defendant,

v.                                                          CASE NO. 3:24-cv-9-MCR-HTC

ROW 1 INC. d/b/a REGENATIVE
LABS,

      Defendant/Counter-Claimant
_____/

### ORDER

This case presents a contract dispute over commissions allegedly due to Plaintiff Hengly Ky, a former sales agent for Defendant Row 1 Inc. d/b/a Regenative Labs ("Regenative Labs"). Regenative Labs moves for summary judgment. Regenative Labs argues that Ky is not entitled to any commission payments because her material breach of the contract (by contracting with a direct competitor) excused Regenative Labs from any further payment obligation under the contract; thus, her claim for commissions fails as a matter of law. The Court has fully and carefully reviewed the Parties' arguments and the record and concludes that summary judgment must be denied due to material questions of fact.[1]

---

[1] Ky's complaint includes an alternative claim for unjust enrichment. As to this claim, the Court agrees with Regenative Labs that the contract (although found to be ambiguous in part, as discussed further below) plainly controls this dispute, and therefore summary judgment is appropriate. *See Al Rushaid Petroleum Inv. Co. v. Siemens Energy Inc*., 159 F.4th 887, 901 (11th

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  For purposes of summary judgment, the facts and all reasonable inferences from the evidence are necessarily viewed in favor of the nonmovant, in this case, Ky.  *See Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1265 (11th Cir. 2008).  The Court finds it unnecessary to recite the facts and arguments in detail and will succinctly state the reasons for denying the motion.  *See* Fed. R. Civ. P. 56 ("The court should state on the record the reasons for granting or denying the motion.").

On February 18, 2022, Ky entered into a contract as a non-exclusive sales agent for Regenative Labs, which among other things required her to "act in the best interests of the Company" and "not enter into any contract or engage in any practice detrimental to the interests of Company or Product," the violation of which is deemed a "material breach."  ECF No. 31–2 (Sec. 3.5).  She also expressly agreed to not "compete with Company directly or in conjunction with any other person or entity" without Regenative's consent.  *Id.* (Sec. 16).  As to commission payments, the contract provided:

> The commission shall apply to all orders solicited by the Agent that have been accepted by Company and for which a valid purchase order has been received by Company. . . . All commissions for sales from a

---

Cir. 2025) ("Under Florida law, a plaintiff cannot pursue a claim for unjust enrichment 'if an express contract exists concerning the same subject matter.'" (quoting *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008)).

calendar month shall be paid by 30th of the following month if Company has received payment from provider/customer.

*Id.* (Sec. 4).

On July 22, 2022, Ky entered into a contract with another business, Total Ancillary, and agreed to sell a competing product, which amounted to a material breach of her contract with Regenative Labs.[2] The record shows that Ky solicited an order for Regenative Labs on July 22, and possibly additional orders earlier, for which Regenative had not yet been paid or not paid in full by July 22. The Parties now generally dispute whether Ky is owed any commissions on orders, for which Regenative Labs received payment after her breach.

In its motion, Regenative Labs argues that under the first-breach doctrine, Ky's undisputed breach on July 22 at the latest, eliminated its obligation to pay Ky any further commissions under the contract. *See Colucci v. Kar Kare Auto. Grp., Inc.*, 918 So. 2d 431, 437 (Fla. 4th DCA 2006) ("[H]aving committed the first breach, the general rule is that a material breach of the Agreement allows the non-breaching party to treat the breach as a discharge of his contractual liability.") (internal quotations omitted). Whether the first-breach doctrine applies to excuse Regenative Labs' obligation to pay any further commissions depends on whether Ky's right to

---

[2] Regenative Labs suggests that Ky also may have breached as early as March 2022 in soliciting an order for Total Ancillary, but the record is unclear on this point; whether a breach occurred earlier than July 22 remains a question of fact.

commissions had vested prior to her breach.  This turns on the contract language and how it is construed.

Under Florida law, any contract interpretation "must give effect to the instrument's plain language," which is ordinarily a question of law for the Court. *Dixon v. Univ. of Miami*, 75 F.4th 1204, 1208 (11th Cir. 2020).  When a contract's terms are ambiguous, however, the determination of what the parties intended becomes a question of fact.  *Id.*  A contract is ambiguous if "susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract."  *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1252 (11th Cir. 2008) (internal quotations omitted).

As stated above, the plain language of the commission clause provides: "The commission shall apply to all orders solicited . . . [and] accepted by Company . . . All commissions for sales from a calendar month shall be paid by 30th of the following month if Company has received payment from provider/customer." Regenative Labs contends that under this language, its receipt of payment for an order is essentially a condition precedent to Ky's entitlement to commissions.  Ky argues in response that the clear import of the phrase—"if Company has received payment"—merely dictates the *timing* of when her commission would be distributed

CASE NO. 3:24-cv-9-MCR-HTC

to her, insisting that her right to commissions vested at the time of sale.[3]  The Court concludes that the contract language does not clearly address when the *right* to a commission vests, and because the plain terms are susceptible to different interpretations, the contract presents an ambiguity that precludes summary judgment.[4]

Accordingly, Defendants' Motion for Summary Judgment, ECF No. 30, is **DENIED** as to Count I and **GRANTED** as to Count II.

**DONE AND ORDERED** this 31st day of March 2026.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court finds it unnecessary to reach the remainder of Ky's arguments, many of which pertain to her attempt to establish a right to commissions by construing other contractual provisions, because Ky has not moved for summary judgment on her claims or on Regenative Labs' counterclaim.

[4] As noted, questions of fact also exist surrounding the material breach.  The Court is not making any finding as to whether the July 22 material breach occurred before or after the July 22 order—only that the record shows a material breach occurred on July 22; beyond that, the evidence is unclear.

CASE NO. 3:24-cv-9-MCR-HTC